# EXHIBIT 1

STATE OF MICHIGAN

IN THE 37TH CIRCUIT COURT FOR CALHOUN COUNTY

STACY SCHUSTER,

        Plaintiff,

v.

SAM'S EAST, INC., an Arkansas corporation doing business as SAM'S CLUB, WALMART, INC., a Delaware corporation, and SAM'S REAL ESTATE BUSINESS TRUST, a Delaware business trust,

        Defendants.

Case No. 25-__84__-NI

Hon. __SARAH S. LINCOLN__

Bruce A. Inosencio, Jr., P54705
Ryan P. O'Dowd, P85462
Inosencio & Fisk, PLLC
Attorneys for Plaintiff
740 West Michigan Avenue
Jackson, Michigan 49201
Telephone: (517) 796-1444
Email: bruce@inosencio.com
       ryan@inosencio.com

## COMPLAINT

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this *Complaint* pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this *Complaint* that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this Court.

*/s/ Bruce A. Inosencio, Jr.*
Bruce A. Inosencio, Jr., P54705

Stacy Schuster v.                                               File No. 25 -_____ - NI
Sam's East, Inc., doing business as Sam's Club, et al.

NOW COMES the Plaintiff, Stacy Schuster, by and through her attorneys, Inosencio & Fisk, PLLC, and for her *Complaint* against the Defendants, Sam's East, Inc., doing business as Sam's Club, Walmart, Inc., and Sam's Real Estate Business Trust, states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Stacy Schuster is a resident of the County of Calhoun, State of Michigan.

2. Defendant Sam's East, Inc., a foreign corporation doing business as Sam's Club, conducts business in Calhoun County, Michigan.

3. Defendant Walmart, Inc., is a foreign corporation that conducts business in Calhoun County, Michigan.

4. Defendant Sam's Real Estate Business Trust is a Delaware business trust that owns real estate in Calhoun County, Michigan.

5. Jurisdiction is proper in this Court given that the amount in controversy exceeds $25,000.00. See MCL 600.605.

6. Venue is proper in this Court pursuant to MCL 600.1629(1)(a)(i).

### GENERAL ALLEGATIONS

7. On and before January 19, 2022, Defendant Sam's Real Estate Business Trust was the owner of the real property commonly known as 12737 6 Mile Road, Battle Creek, Michigan 49014 ("the Premises").



INOSENCIO
FISK
740 West Michigan Avenue
Jackson, Michigan 49201
Telephone: 517.798.1444

2

Stacy Schuster v.                                                      File No. 25 -_____- NI
Sam's East, Inc., doing business as Sam's Club, et al.

8. On and before January 19, 2022, Defendant Sam's East, Inc., doing business as Sam's Club, was conducting business on the Premises.

9. On and before January 19, 2022, Defendant Walmart, Inc., owned Defendant Sam's East, Inc.

10. Plaintiff Stacy Schuster was injured on January 19, 2022, when she slipped and fell on ice while attempting to pump gas at the gas station located on the Premises.

## COUNT I
## PREMISES LIABILITY AS TO DEFENDANT SAM'S REAL ESTATE BUSINESS TRUST

11. Plaintiff adopts by reference each and every one of the foregoing factual allegations set forth above in paragraphs 1 through 10, as though fully set forth herein, except as they may be inconsistent with the specific allegations contained in Count I.

12. Defendant Sam's Real Estate Business Trust had a duty to use ordinary care to protect Plaintiff, as an invitee, from conditions on the Premises that presented unreasonable risks of harm, including the accumulation of snow/ice.

13. Defendant Sam's Real Estate Business Trust knew, or should have known, that snow/ice accumulated on the Premises and that it posed an unreasonable risk of harm.

14. Defendant Sam's Real Estate Business Trust breached its duty to protect Plaintiff from unreasonable risks of harm on the Premises and thus was negligent in numerous ways, including the following:



740 West Michigan Avenue
Jackson, Michigan 49201
Telephone: 517.796.1444

Stacy Schuster v.  
Sam's East, Inc., doing business as Sam's Club, et al.

File No. 25 -_____- NI

---

a. by negligently failing to exercise reasonable care to protect the public in general, and Plaintiff Stacy Schuster in particular, against the hazards arising from the ice that accumulated on the Premises on January 19, 2022;

b. by failing to exercise due care and caution in the inspection of the Premises to ascertain that the area in question, as described above, posed a hazard to persons traversing the Premises, in obvious disregard for the safety, health and well-being of the public, in general, and Plaintiff Stacy Schuster in particular;

c. by failing to correct a dangerous condition on the Premises — ice — which was in obvious disregard for the health, safety and well-being of invitees, more particularly, Plaintiff Stacy Schuster;

d. by allowing an unreasonably dangerous condition to remain on the Premises where invitees traverse, thereby creating and/or increasing a hazard to the public, in general, and Plaintiff Stacy Schuster in particular;

e. by failing to post warning signs and/or giving adequate notice and/or instruction that said area in question was dangerous when Defendant Sam's Real Estate Business Trust knew — or by the exercise of reasonable care, should have known — that said area posed an unreasonable risk to invitees in general, and more particularly, Plaintiff Stacy Schuster, which caused Plaintiff Stacy Schuster to fall upon said Premises;

f. by failing to maintain the subject Premises so as to allow invitees, such as Plaintiff Stacy Schuster, to walk safely upon the Premises and by failing to provide a clear and safe manner for invitees in general, and in particular, Plaintiff Stacy Schuster, to walk safely upon the Premises;

g. by failing to warn, in any way, of the dangerous condition of the aforesaid areas on the Premises, in obvious disregard for the health, safety and well-being of invitees, in general, and more particularly, Plaintiff Stacy Schuster; and

h. by the commission of other acts of negligence and/or omissions which are reserved for proof at the time of trial.



INOSENCIO
FISK

740 West Michigan Avenue
Jackson, Michigan 49201
Telephone 517.788.1444

4

Stacy Schuster v.  File No. 25 -_____ - NI
Sam's East, Inc., doing business as Sam's Club, et al.

15. As a direct and proximate result of Defendant Sam's Real Estate Business Trust's breach of its duty to use ordinary care to protect Plaintiff, as an invitee, from unreasonable risks of harm on the Premises, Plaintiff sustained serious personal injuries, including the following:

    a. a neck injury;

    b. a back injury; and

    c. a potential traumatic brain injury.

16. Notwithstanding said duties and obligations of Defendant Sam's Real Estate Business Trust, and as a direct and proximate result of the negligence of Defendant Sam's Real Estate Business Trust, Plaintiff Stacy Schuster slipped and fell on ice located on the Premises, causing her to suffer severe permanent and progressive injuries.

17. As a result of the fall, Plaintiff Stacy Schuster suffered severe and excruciating and continuing pain and suffering, emotional distress, humiliation, and embarrassment, all of which necessitate medical care and treatment, extensive therapy, medications, and other rehabilitative aids that Plaintiff is unable to afford.

18. As a result of being injured on January 19, 2022, Plaintiff has sustained damages and will in the future sustain damages, including, but not limited to, reasonable and necessary expenses for medical care and treatment in an attempt to alleviate and cure herself of the pain, discomfort, mental anguish, and permanent injuries she suffered, as referenced herein.



INOSENCIO
FISK ATTORNEYS AT LAW

740 West Michigan Avenue
Jackson, Michigan 49201
Telephone: 517.798.1444

Stacy Schuster v.                                    File No. 25 -_____- NI
Sam's East, Inc., doing business as Sam's Club, et al.

19.     As a further and direct and proximate result of the acts of negligence and/or omissions of Defendant Sam's Real Estate Business Trust, Plaintiff Stacy Schuster is and will be unable to participate in those activities in which a normal and healthy individual in the same and similar circumstances could have participated but for the injuries suffered at the Premises.

WHEREFORE, Plaintiff requests a judgment against Defendant Sam's Real Estate Business Trust, in whatever amount Plaintiff is found to be entitled, plus costs, interest, and attorney fees.

## COUNT II
## PREMISES LIABILITY AS TO DEFENDANT SAM'S EAST, INC., DOING BUSINESS AS SAM'S CLUB

20.     Plaintiff adopts by reference each and every one of the foregoing factual allegations set forth above in paragraphs 1 through 19, as though fully set forth herein, except as they may be inconsistent with the specific allegations contained in Count II.

21.     Defendant Sam's East, Inc., had a duty to use ordinary care to protect Plaintiff, as an invitee, from conditions on the Premises that presented unreasonable risks of harm, including the accumulation of snow/ice.

22.     Defendant Sam's East, Inc., knew, or should have known, that snow/ice accumulated on the Premises and that it posed an unreasonable risk of harm.

23.     Defendant Sam's East, Inc., breached its duty to protect Plaintiff from unreasonable risks of harm on the Premises and thus was negligent in numerous ways, including the following:



INOSENCIO
FISK
740 West Michigan Avenue
Jackson, Michigan 49201
Telephone: 517.706.1444

Stacy Schuster v.  
Sam's East, Inc., doing business as Sam's Club, et al.

File No. 25 -_____- NI

a.  by negligently failing to exercise reasonable care to protect the public in general, and Plaintiff Stacy Schuster in particular, against the hazards arising from the ice that accumulated on the Premises on January 19, 2022;

b.  by failing to exercise due care and caution in the inspection of the Premises to ascertain that the area in question, as described above, posed a hazard to persons traversing the Premises, in obvious disregard for the safety, health and well-being of the public, in general, and Plaintiff Stacy Schuster in particular;

c.  by failing to correct a dangerous condition on the Premises — ice — which was in obvious disregard for the health, safety and well-being of invitees, more particularly, Plaintiff Stacy Schuster;

d.  by allowing an unreasonably dangerous condition to remain on the Premises where invitees traverse, thereby creating and/or increasing a hazard to the public, in general, and Plaintiff Stacy Schuster in particular;

e.  by failing to post warning signs and/or giving adequate notice and/or instruction that said area in question was dangerous when Defendant Sam's East, Inc., knew — or by the exercise of reasonable care, should have known — that said area posed an unreasonable risk to invitees in general, and more particularly, Plaintiff Stacy Schuster, which caused Plaintiff Stacy Schuster to fall upon said Premises;

f.  by failing to maintain the subject Premises so as to allow invitees, such as Plaintiff Stacy Schuster, to walk safely upon the Premises and by failing to provide a clear and safe manner for invitees in general, and in particular, Plaintiff Stacy Schuster, to walk safely upon the Premises;

g.  by failing to warn, in any way, of the dangerous condition of the aforesaid areas on the Premises, in obvious disregard for the health, safety and well-being of invitees, in general, and more particularly, Plaintiff Stacy Schuster; and

h.  by the commission of other acts of negligence and/or omissions which are reserved for proof at the time of trial.



INOSENCIO  
FISK ATTORNEYS AT LAW

740 West Michigan Avenue  
Jackson, Michigan 49201  
Telephone 517.796.1444

7

Stacy Schuster v.                                                         File No. 25 -_____ - NI
Sam's East, Inc., doing business as Sam's Club, et al.

---

24.     As a direct and proximate result of Defendant Sam's East, Inc.'s breach of its duty to use ordinary care to protect Plaintiff, as an invitee, from unreasonable risks of harm on the Premises, Plaintiff sustained serious personal injuries, including the following:

         a.     a neck injury;

         b.     a back injury; and

         c.     a potential traumatic brain injury.

25.     As a result of being injured on January 19, 2022, Plaintiff has sustained damages and will in the future sustain damages, including, but not limited to, reasonable and necessary expenses for medical care and treatment in an attempt to alleviate and cure herself of the pain, discomfort, mental anguish, and permanent injuries she suffered, as referenced herein.

26.     Notwithstanding said duties and obligations of Defendant Sam's East, Inc., and as a direct and proximate result of the negligence of Defendant Sam's East, Inc., Plaintiff Stacy Schuster slipped and fell on ice located on the Premises, causing her to suffer severe permanent and progressive injuries.

27.     As a result of the fall, Plaintiff Stacy Schuster suffered severe and excruciating and continuing pain and suffering, emotional distress, humiliation, and embarrassment, all of which necessitate medical care and treatment, extensive therapy, medications, and other rehabilitative aids that Plaintiff is unable to afford.

28.     As a further and direct and proximate result of the acts of negligence and/or omissions of Defendant Sam's East, Inc., Plaintiff Stacy Schuster is and will be unable to participate in those activities in which a normal and healthy individual


INOSENCIO
FISK
140 West Mountain Avenue
Jackson, Michigan 49201
Telephone: 517.796.1444

8

Stacy Schuster v.                      File No. 25 -_____- NI
Sam's East, Inc., doing business as Sam's Club, et al.

in the same and similar circumstances could have participated but for the injuries suffered at the Premises.

WHEREFORE, Plaintiff requests a judgment against Defendant Sam's East, Inc., in whatever amount Plaintiff is found to be entitled, plus costs, interest, and attorney fees.

### COUNT III
### PREMISES LIABILITY AS TO DEFENDANT WALMART, INC.

29. Plaintiff adopts by reference each and every one of the foregoing factual allegations set forth above in paragraphs 1 through 28, as though fully set forth herein, except as they may be inconsistent with the specific allegations contained in Count III.

30. Defendant Walmart, Inc., had a duty to use ordinary care to protect Plaintiff, as an invitee, from conditions on the Premises that presented unreasonable risks of harm, including the accumulation of snow/ice.

31. Defendant Walmart, Inc., knew, or should have known, that snow/ice accumulated on the Premises and that it posed an unreasonable risk of harm.

32. Defendant Walmart, Inc., breached its duty to protect Plaintiff from unreasonable risks of harm on the Premises and thus was negligent in numerous ways, including the following:

    a. by negligently failing to exercise reasonable care to protect the public in general, and Plaintiff Stacy Schuster in particular, against the hazards arising from the ice that accumulated on the Premises on January 19, 2022;

    b. by failing to exercise due care and caution in the inspection of the Premises to ascertain that the area in question, as



INOSENCIO
FISK
740 West Michigan Avenue
Jackson, Michigan 49201
Telephone: 517.796.1444

Stacy Schuster v.                  File No. 25 - _____ - NI
Sam's East, Inc., doing business as Sam's Club, et al.

---

         described above, posed a hazard to persons traversing the Premises, in obvious disregard for the safety, health and well-being of the public, in general, and Plaintiff Stacy Schuster in particular;

c.    by failing to correct a dangerous condition on the Premises — ice — which was in obvious disregard for the health, safety and well-being of invitees, more particularly, Plaintiff Stacy Schuster;

d.    by allowing an unreasonably dangerous condition to remain on the Premises where invitees traverse, thereby creating and/or increasing a hazard to the public, in general, and Plaintiff Stacy Schuster in particular;

e.    by failing to post warning signs and/or giving adequate notice and/or instruction that said area in question was dangerous when Defendant Walmart, Inc., knew — or by the exercise of reasonable care, should have known — that said area posed an unreasonable risk to invitees in general, and more particularly, Plaintiff Stacy Schuster, which caused Plaintiff Stacy Schuster to fall upon said Premises;

f.    by failing to maintain the subject Premises so as to allow invitees, such as Plaintiff Stacy Schuster, to walk safely upon the Premises and by failing to provide a clear and safe manner for invitees in general, and in particular, Plaintiff Stacy Schuster, to walk safely upon the Premises;

g.    by failing to warn, in any way, of the dangerous condition of the aforesaid areas on the Premises, in obvious disregard for the health, safety and well-being of invitees, in general, and more particularly, Plaintiff Stacy Schuster; and

h.    by the commission of other acts of negligence and/or omissions which are reserved for proof at the time of trial.

33.    As a direct and proximate result of Defendant Walmart, Inc.'s breach of its duty to use ordinary care to protect Plaintiff, as an invitee, from unreasonable risks of harm on the Premises, Plaintiff sustained serious personal injuries, including the following:



INOSENCIO
FISK ATTORNEYS

740 West Michigan Avenue
Jackson, Michigan 49201
Telephone: 517.796.1444

Stacy Schuster v.                                                File No. 25 -_____- NI
Sam's East, Inc., doing business as Sam's Club, et al.

---

        a.       a neck injury;

        b.       a back injury; and

        c.       a potential traumatic brain injury.

34. As a result of being injured on January 19, 2022, Plaintiff has sustained damages and will in the future sustain damages, including, but not limited to, reasonable and necessary expenses for medical care and treatment in an attempt to alleviate and cure herself of the pain, discomfort, mental anguish, and permanent injuries she suffered, as referenced herein.

35. Notwithstanding said duties and obligations of Defendant Walmart, Inc., and as a direct and proximate result of the negligence of Defendant Walmart, Inc., Plaintiff Stacy Schuster slipped and fell on ice located on the Premises, causing her to suffer severe permanent and progressive injuries.

36. As a result of the fall, Plaintiff Stacy Schuster suffered severe and excruciating and continuing pain and suffering, emotional distress, humiliation, and embarrassment, all of which necessitate medical care and treatment, extensive therapy, medications, and other rehabilitative aids that Plaintiff is unable to afford.

37. As a further and direct and proximate result of the acts of negligence and/or omissions of Defendant Walmart, Inc., Plaintiff Stacy Schuster is and will be unable to participate in those activities in which a normal and healthy individual in the same and similar circumstances could have participated but for the injuries suffered at the Premises.

WHEREFORE, Plaintiff Stacy Schuster respectfully request this Honorable Court enter judgment in favor of Plaintiff, and against Defendant Walmart, Inc., in



INOSENCIO
FISK ATTORNEYS AT LAW
740 West Michigan Avenue
Jackson, Michigan 49201
Telephone: 517.796.1444

Stacy Schuster v.  
Sam's East, Inc., doing business as Sam's Club, et al.

File No. 25 - _____ - NI

an amount to be determined by a jury which will fairly, reasonably, and fully compensate Plaintiff for her injuries and damages so wrongfully incurred, together with interest, costs, and attorney fees.

Respectfully submitted,

Inosencio & Fisk, PLLC

Dated: January 8, 2025

*Bruce A. Inosencio, Jr.*

Bruce A. Inosencio, Jr., P54705  
Attorney for Plaintiff  
740 West Michigan Avenue  
Jackson, Michigan 49201  
Telephone: (517) 796-1444  
Email: bruce@inosencio.com



INOSENCIO  
740 West Michigan Avenue  
Jackson, Michigan 49201  
Telephone: 517.796.1444